UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:23-cr-124-VHC-MRM
    21 U.S.C. § 846
JACOB SPINOZA, and   21 U.S.C. § 841
VERONICA JO BARBACK

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Distribute and Possess with Intent to
Distribute Fentanyl Analogues)

Beginning on an unknown date and continuing through on or about the date of the indictment, in the Middle District of Florida, and elsewhere, the defendants,

JACOB SPINOZA, and
VERONICA JO BARBACK,

did knowingly and intentionally conspire with other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance, which violation involved one-hundred (100) grams or more of a mixture and substance containing a detectable amount of a fentanyl analogue, and is therefore punished under 21 U.S.C. § 841(b)(1)(A)(vi).

All in violation of 21 U.S.C. § 846.

## COUNT TWO

On or about September 13, 2022, in the Middle District of Florida, the defendant,

*[handwritten: OCTOBER 7, 2022 (PMB)]*

JACOB SPINOZA, and
VERONICA JO BARBACK,

did knowingly and intentionally possess with intent to distribute controlled substances, which violation involved a mixture and substance containing a detectable amount of protonitazene and metonitazene, both Schedule I controlled substances, and is therefore punished under 21 U.S.C. § 841(b)(1)(A)(vi).

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## FORFEITURES

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture under 21 U.S.C. § 853.

2. Upon conviction of the violations alleged in this Indictment, punishable by imprisonment for more than one year, the defendants,

JACOB SPINOZA, and
VERONICA JO BARBACK,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, and derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violations; and property used and intended to be used, in any manner or part, to commit, and to facilitate the commission of such violations.

3. The property to be forfeited includes, but is not limited to, the following:

    a. A Mossberg 12-Gauge Shotgun, S/N P080704

    b. A Sears and Roebuck Model 25 Rifle, S/N 5832501;

    c. A Centurion 12-Gauge BP-12 Shotgun, S/N 210505433; and

    d. Assorted shotgun shells and .22 caliber ammunition.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under 21 U.S.C. § 853(p).

A TRUE BILL,

███████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Daniel Baeza
Assistant United States Attorney

By: _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Transnational Organized Crime

FORM OBD-34
April 23                                    No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

JACOB HOUCK, and
VERONICA JO BARBACK

INDICTMENT

Violations: 21 U.S.C. §§ 846 and 841

A true bill,

███████████████

Foreperson

Filed in open court this 6th day

of April 2023.

_____
Clerk

Bail $_____

GPO 863 525